UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS A. RICHARDSON,              :
                                   :
    Petitioner                     : CIVIL NO. 4:CV-07-1445
                                   :
  v.                               :
                                   : (Judge McClure)
                                   :
DAVID DIGUGLIELMO, ET AL.,         :
                                   :
                                   :
    Respondents                    :

## **MEMORANDUM**

August 28, 2007

**Background**

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed in the United States District Court for the Eastern District of Pennsylvania by Thomas A. Richardson ("Petitioner"), an inmate presently confined at the State Correctional Institution, Graterford, Pennsylvania ("SCI-Graterford").[1]  Named as Respondents are SCI-Graterford Superintendent David Diguglielmo, the Dauphin County, Pennsylvania District Attorney, and the Attorney General for the Commonwealth of Pennsylvania.  By Order dated June 27, 2007, the Eastern District

---

[1] The required filing fee was previously paid.

transferred the petition to this Court.

Richardson states that on February 15, 1978, he was convicted of third degree murder, aggravated assault and robbery following a jury trial in the Dauphin County Court of Common Pleas. He was thereafter sentenced to an aggregate thirty-five (35) to seventy (70) year term of incarceration. His conviction was affirmed on appeal to the Pennsylvania Superior Court.[2] Petitioner also acknowledges that he thereafter filed an unsuccessful petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA") as well as a prior unsuccessful federal habeas corpus petition. See Record document no. 1, Petition, ¶ 9(f).

In his present action, Richardson claims entitlement to federal habeas corpus relief on the grounds that: (1) the jury failed to adhere to the trial court's jury instructions; and (2) all prior counsel provided ineffective assistance. For the reasons outlined below, Richardson's action will be dismissed as an unauthorized second or successive petition.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254

---

[2] Richardson asserts that his direct appeal included claims of ineffective assistance of counsel and flawed jury instructions.

Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Allen v. Perini, 424 F.2d 134,141 (4th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Fourth Circuit Court of Appeals also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

The pertinent authority for dismissing successive habeas corpus petitions is found in 28 U.S.C. § 2244(a) and Rule 9(b)[3] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made

---

[3] Rule 9(b) of the Habeas Corpus Rules provides:
   A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

3

applicable to 28 U.S.C. § 2241 cases by Rule 1 thereof.

Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey vs. Zant, 499 U.S. 467, 483 (1991). § 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in McCleskey expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> A petitioner may abuse the writ by failing to raise a claim through inexcusable neglect. Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

Following the 1996 amendments, Section 2244(b)(2) now provides:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

4

>   >   (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   >   (B)   (i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   >        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>   (3)   (A)   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

On April 20, 1994, Richardson submitted a prior § 2254 petition to this Court. See Richardson v. Calithen, Civil No. 4:CV-94-578. By Order dated December 28, 1994, Richardson's earlier action was denied on its merits. It appears from a review of the record that the issues contained in the instant petition for writ of habeas corpus were not previously presented to this Court via Richardson's prior § 2254 action. However, the Petitioner has not presented any sound argument as to why his earlier petition failed to include his present claims of ineffective assistance and flawed jury instructions. He has also not established that those claims fall within the statutory

5

exceptions outlined above. There is also no indication that Richardson applied for and was granted leave to file a second or successive § 2254 petition by the United States Court of Appeals for the Third Circuit.

Thus, because the grounds raised herein could have been previously raised in Richardson's prior federal habeas corpus proceeding, this action is tantamount to a second or successive petition and will be dismissed pursuant to 28 U.S.C. § 2244(b)(2). An appropriate Order will enter.

    s/ James F. McClure, Jr.
JAMES F. MCCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS A. RICHARDSON,           :
                                :
    Petitioner                   :
                                :
    v.                           :       CIVIL NO. 4:CV-07-1445
                                :
DAVID DIGUGLIELMO, ET AL.,       :       (Judge McClure)
                                :
    Respondents                  :

## **ORDER**

August 28, 2007

In accordance with the accompanying Memorandum, **IT HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is DISMISSED pursuant to 28 U.S.C. § 2244(b)(2).

2. The Clerk of Court is directed to CLOSE the case.

3. There is no basis for the issuance of a certificate of appealability.

                                           s/ James F. McClure, Jr.
                                           JAMES F. MCCLURE, JR.
                                           United States District Judge